B255 (11/91) Subpoena in an Adversary Proceeding

# United States Bankruptcy Court
## District of Montana

| In re | CHARLES EDWIN ROSE, | | SUBPOENA IN AN ADVERSARY PROCEEDING | |
|---|---|---|---|---|
| | | Debtor | | |
| | CHARLES EDWIN ROSE, | | Bankruptcy Case No. | 08-60554-7 |
| | V. | Plaintiff | Chapter | 7 |
| | ADOLFO MURILLO, et al | Defendant | Adv. Proc. No. | 08-00037 |

To: **TINA M. ROSE**

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE | DATE AND TIME |
|---|---|
| Jeffries Ct. Reporting, 1015 Mount, Suite C, Missoula, MT 59801 | Wed., Sept. 17, 2008 at 2:30 p.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**ALL DOCUMENTS LISTED ON ATTACHED EXHIBIT A**

| PLACE | DATE AND TIME |
|---|---|
| MORGAN PIERCE, PLLP, 433 W. Alder, Missoula, MT 59802 | by 12 noon on Mon., Sept. 15, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| | |

Any subpoenaed organization not a party to this adversary proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable in adversary proceedings by Rule 7030, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| [signature] Attorney for Defendants | August 27, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND PHONE NUMBER

Daniel S. Morgan, MORGAN PIERCE, PLLP, PO Box 1690, Missoula, MT 59806, (406) 830-3875

B255 (11/91) Subpoena in an Adversary Proceeding

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE<br>Aug. 27, 2008 | PLACE<br>Missoula, MT |
| SERVED ON (PRINT NAME)<br>Tina M. Rose | | MANNER OF SERVICE<br>1st class mail to 701 Spanish Peaks Missoula MT 59803 |
| SERVED BY (PRINT NAME)<br>Daniel S. Morgan | | TITLE<br>Attorney for Defendants |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  August 27, 2008
DATE

SIGNATURE OF SERVER

PO Box 1690
ADDRESS OF SERVER

Missoula, MT 59806

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A - Documents/Evidence to Produce

1. All payments or transfers of any other kind of personal property to or for the benefit of Tina Rose (such as Tina Rose's children or any business entities or affiliates of Tina Rose) from Charles Rose and all corporations or other business entities affiliated with Charles Rose since 2001, including but not limited to:
   a. Monterey Hot August Nights
   b. Entertainment International, Inc.
   c. Backstage Productions, LLC
   d. Rock n Roll Daze
   e. Two Old Rockers, LLC
   f. Cornerstone Mortgage Company
   g. Data Disc Co
   h. Cornerstone Sustainable Agricultural Products, Inc.
   i. Monty's Mexico

2. Evidence of all transfers of real property or vehicles from you to Charles Rose or vice versa since 2004, including but not limited to
   a. 701 Spanish Peaks Drive, Missoula, MT
   b. 1998 Mercedes Benz ML320
   c. Time share condominiums

3. All written correspondence, including electronic transmissions such as e-mails, sent or received by you since 2004 in regard to Cornerstone Sustainable Agricultural Products, Inc. or to any personal or real property owned by Charles Rose

4. All personal calendars showing travel dates, all travel vouchers, tickets, receipts, and/or photographs from trips that you and/or Charles Rose have taken to Mexico since 2004

5. Bank statements for any and all accounts jointly held with Charles Rose at any time since 2004